**April Lelia JAMISON, Plaintiff—Appellant,**

**v.**

**Lorin NIELSEN, Banock County Sheriff; Chris Putnam, Lpn, acting in her official capacity; Tammy Willis, Lpn, acting in her official capacity; Steve Stedtfild; Bannock County, Defendants—Appellees.**

No. 00–35918.

D.C. No. CV–98–00404–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided March 21, 2002.

Before ALARCÓN and SILVERMAN, Circuit Judges, and BREWSTER, District Judge.*

MEMORANDUM **

April Jamison appeals the grant of summary judgment for defendant prison offi-

---

* The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cials in her § 1983 suit claiming deliberate indifference to her medical needs relating to a miscarriage she suffered in jail. Jamison argues the district court erred: (1) in granting summary judgment for defendants; (2) in denying her request for appointment of counsel; (3) in denying her request for a court-appointed medical expert; and (4) in refusing to consider medical texts submitted by Jamison in ruling on defendants' summary judgment motions. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. As the parties are familiar with the factual and procedural history of this case, we need not recite it in full here.

■ Jamison first argues that the district court erred in granting summary judgment for defendants Stedtfeld, Putnam, Willis, Nielson, and Bannock County. We review a district court's grant of summary judgment de novo. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). As to defendants Stedtfeld and Putnam, even if Jamison could show that the condition of being two or three months pregnant were "sufficiently serious" in itself to form the basis of an Eighth Amendment claim, *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), she has presented no facts by which a jury could reasonably conclude that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety...." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Negligence is insufficient for an Eighth Amendment violation. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ As for defendant Willis, though Jamison has shown that her condition while threatening miscarriage was sufficiently serious, she has not presented facts from which a jury could conclude that Willis possessed a sufficiently culpable mental state. While Jamison may be able to show that another course of treatment might have been preferable, that Willis was insensitive, or that Willis was negligent, Jamison has not presented facts from which a jury could conclude that Willis intentionally disregarded an excessive risk to Jamison's health as needed to show a violation of the Eighth Amendment.

■ As to defendants Nielson and Bannock County, Jamison has not alleged facts showing that Nielson or the county's *"deliberate* conduct ... [was] ... the 'moving force' behind the injury alleged." *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (emphasis in original). Jamison has not alleged that the hiring and training of the medical employees at the county jail or the provision of equipment at the jail was taken with " 'deliberate indifference' as to [the] known or obvious consequence[ ]" that an inmate would suffer a miscarriage or experience unnecessary suffering resulting from a miscarriage.[1] *Id.* at 407.

■ Jamison claims that the district court erred in denying her request for counsel. We review a district court's refusal to appoint counsel for abuse of discretion. *Campbell v. Burt,* 141 F.3d 927, 931 (9th Cir.1998). Because Jamison has

---

**1.** As for Jamison's claim that her (lack of) treatment *after* the miscarriage amounted to deliberate indifference, she has failed to include as defendants any state prison officials. Because she was transferred from the county jail to the state prison three days after she was last seen by the jail physician, and does

not argue that deliberate indifference to her serious medical needs *during those three days* resulted in harm, her claim that she has suffered harm on account of her medical treatment *after* the miscarriage must be brought against state prison officials.

shown neither a likelihood of success on the merits nor an inability to articulate her claims pro se, *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986), the district court did not abuse its discretion in refusing to appoint counsel.

◼ Jamison contends that the district court erred in denying her request for appointment of an expert witness. We review a district court's refusal to appoint an expert witness for abuse of discretion. *United States v. Nelson,* 137 F.3d 1094, 1101 n. 2 (9th Cir.1998). Expert medical testimony in this case could at most aid in proving medical malpractice; it would not, however, show that defendants' actions were taken with conscious disregard of danger to Jamison. The district court therefore did not abuse its discretion in denying her request for an expert witness.

◼ Finally, Jamison argues that the district court erred in failing to consider medical texts offered in opposition to defendants' summary judgment motions. We review evidentiary rulings in the context of summary judgment for abuse of discretion. *Doe ex rel. Rudy–Glanzer v. Glanzer,* 232 F.3d 1258, 1263 (9th Cir. 2000). Because they are hearsay not within any exception, the district court did not abuse its discretion in refusing to consider the medical texts.

AFFIRMED.